No. 3945

Second Circuit

———

THOMPSON-RITCHIE GROCERY CO. v. GRAHAM ET AL.

———

(January 27, 1931. Opinion and Decree.)

———

B. F. Thompson, Jr., of Alexandria, attorney for plaintiff, appellee.

R. W. Oglesby, of Winnfield, attorney for defendants, appellants.

DREW, J. Plaintiff instituted this suit, alleging that during the year 1926 it sold and delivered merchandise in the amount of $291.37 to J. A. Graham, a commercial partnership composed of J. A. Graham and Mrs. Ina Shumate Graham, and prayed for judgment against J. A. Graham, the alleged partnership, and J. A. Graham and Mrs. Ina Shumate Graham, individually and in solido. J. A. Graham and J. A. Graham, individually, made no appearance in the case. Mrs. Ina Shumate Graham answered denying all the allegations of plaintiff's petition. On these issues the case was tried in the lower court, resulting in judgment in favor of the plaintiff as prayed for, and from this judgment only Mrs. Ina Shumate Graham has appealed.

In 1912, J. A. Graham entered the grocery business in Winnfield, La., and continued in said business until June, 1927, operating under the name of J. A. Graham. A short time after he began business, his first wife died, leaving four minor children, and in 1916 he married the defendant herein, Miss Ina Shumate, who at the time possessed in her own right several thousand dollars.

At the beginning of the year 1920, J. A. Graham sold a one-fourth interest in his said business to Lee Grigsby for $1,000, with the understanding that, if the business did not make a profit during the year 1920, he would return to the said Grigsby the $1,000, with 8 per cent interest thereon. During that year, the business lost $2,000, and Grigsby demanded the return of his money, plus interest, or $1,080. J. A. Graham secured from his wife out of her separate paraphernal funds $1,080, and paid same to the said Grigsby. At the end of the year 1921, after taking inventory, Graham entered in the inventory book a notation showing that the business was owned one-fourth by his wife, Mrs. Ina Shumate Graham, and three-fourths by himself. This same entry was made in the inventory book at the end of the years 1923, 1924 and 1925. At the end of the year 1926, there was no such entry made.

During the latter part of 1926, J. A. Graham sold his storehouse and used the funds to pay a mortgage note held by one of the banks in Winnfield, and in the latter part of 1926, or the early part of 1927, he executed to his wife a chattel mortgage on the fixtures and furniture in the store to the amount of the funds he had secured from his wife.

In June, 1927, the said Graham filed a petition in bankruptcy, and Mr. W. G. Bowden, credit manager of the plaintiff, was appointed trustee. When he came to take charge of the store and the books, on or about July 4, 1927, he saw J. A. Graham tear out of the inventory books the pages on which the notation as to his wife's interest had been written. Bowden secured these sheets, which was the first information Bowden or any one else had that Mrs. Ina Shumate Graham was interested in the business of J. A. Graham. Acting on this information, the final discharge in bankruptcy of J. A. Graham was opposed successfully, and plaintiff then instituted the present suit alleging that Mrs. Ina Shumate Graham was a partner of her husband and therefore liable in solido for any indebtedness of the concern.

It is admitted that all goods sold by plaintiff were sold to J. A. Graham, and that they had been selling him regularly since he first began business; that all goods were sold to J. A. Graham and were paid for by J. A. Graham, up to the first

item on the account sued on here, which is dated April 5, 1926; that Mrs. Ina Shumate Graham had never held herself out to plaintiff or any one else as a partner of this concern; that she knew said entry had been made in the inventory books showing her to be a partner in the business, but that they were entered in said books without her knowledge or consent; when she discovered the entries in the books, that she did not object for the reason, as explained to her by her husband, that he made said entries in order that she might be protected for the return of her money as against the children of the first marriage, in case of his death.

Plaintiff contends that she, having knowledge of the entries and not objecting to same, was constituted a partner of her husband. This theory, however, is without foundation, for it is clear that, at the time Mrs. Ina Shumate Graham advanced the $1,080 to her husband, she could not enter into a partnership with her husband and could not bind herself as a partner, even by her conduct. The law pertaining to the emancipation of married women in effect at the time of this transaction, the early part of 1921, was Act No. 219 of 1920, and this act in part reads as follows:

" * * * That nothing herein contained shall be deemed or construed to authorize à married woman to contract with her husband, or to grant her the right to mortgage or pledge her separate and paraphernal property for the benefit of her husband. * * * "

If any act or contract of partnership was entered into between J. A. Graham and his wife, it was when and at the time the $1,080 was advanced by Mrs. Graham to her husband, which was in the early part of 1921, and at which time, under the laws of the state of Louisiana, she could not become a partner of her husband.

The act relied upon by plaintiff is Act No. 132 of 1926, which act did not become a law in this state until the latter part of July, 1926, and the evidence fails to disclose any act by the said Mrs. Graham or J. A. Graham after that date which would indicate that they intended to form a partnership; while all the testimony indicates to the contrary, as shown by the failure to make the notation in the inventory book of 1926, and the further action of J. A. Graham in executing to her the chattel mortgage on the furniture and fixtures in the store. All of the merchandise sold to J. A. Graham during the year 1926, with the exception of $48.88 worth, was sold and delivered prior to the act of 1926 becoming a law, and at a time when under the laws of the state of Louisiana, the wife could not become a partner of her husband, and, if we should hold that the act of 1926 authorized a wife to form a partnership with her husband, and that the testimony in this case showed such to be the case, the only possible amount that plaintiff could recover would be the $48.88. However, the evidence fails to disclose any such acts, either express or implied, by the parties that would justify our holding that a partnership was created after July, 1926. We therefore conclude that, under the law and the facts of this case, no partnership existed between J. A. Graham and Mrs. Ina Shumate Graham, and that the judgment of the lower court, in so far as the same applies to Mrs. Ina Shumate Graham, is erroneous and will have to be reversed.

It is therefore ordered, adjudged, and decreed that the judgment of the lower court, in so far as same applies to Mrs. Ina Shumate Graham, the appellant in this case, be reversed, and the demands of plaintiff against her are hereby rejected, at appellee's cost.